IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNDORA SMITH-HOLMES and FRANKLIN HOLMES, wife and husband, | CIVIL DIVISION |
| | NO.: |
| Plaintiffs, | **COMPLAINT** |
| v. | CODE:  003 |
| EMERSON, INC., d/b/a EMERSON PROCESS MANAGEMENT, | |
| | FILED ON BEHALF OF: PLAINTIFFS |
| Defendants. | |
| | COUNSEL FOR THIS PARTY: |
| | Francis M. Moore, Esquire PA I.D. #60039 |
| | MANSMANN & MOORE, LLP 304 Ross Street, Suite 600 Pittsburgh, PA 15219 |
| | Tele: (412) 232-0661 Fax:  (412) 232-0233 |
| | **JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNDORA SMITH-HOLMES and FRANKLIN HOLMES, wife and husband, | CIVIL DIVISION<br><br>NO.: |
| Plaintiffs, | |
| v. | |
| EMERSON, INC.; d/b/a EMERSON PROCESS MANAGEMENT; | |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiffs, Lynndora Smith-Holmes and Franklin Holmes, by and through their counsel, Mansmann & Moore, LLP, and sets forth causes of action wherefore the following is a statement:

## PARTIES

1.  Plaintiffs, Lynndora Smith-Holmes and Franklin Holmes, are adult individual who reside at 401 Pinewood Square, Penn Hills, Allegheny County, PA 15235

2.  Defendant, Emerson, Inc., is a business incorporated in the state of Missouri with an address of 8000 West Florissant Avenue, St. Louis, MO 63136-8506.  Defendant, Emerson Process Managment, is a subsidiary business of Emerson, Inc. with business units working throughout North America including a Pennsylvania location with an address of 200 Beta Drive, Pittsburgh, Allegheny County, PA 15238.

2

## JURISDICTION

3. The court has jurisdiction of this matter pursuant to 28 U.S. Code Section 1332 – Diversity of Citizenship – as the parties herein are citizens of different states. Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant Emerson, Inc. is incorporated in Missouri and has a principal place of business in St. Louis, Missouri while plaintiffs are residents of the Commonwealth of Pennsylvania.

## HISTORY OF CASE

4. On August 28, 2014, Plaintiff Lynndora Smith-Holmes was working for her employer OMEX of Greater Pittsburgh, d/b/a OMEX Office Maintenance Experts at a client location owned and operated by defendant Emerson, Inc. with an address of 200 Beta Drive, Pittsburgh, PA  15238.

5. Plaintiff Lynndora Smith-Holmes was employed by OMEX to provide cleaning services to Defendant.

6. While pushing a cart at the Defendant location out of her office, a large electrical panel box located on a wall in the office area became dislodged without warning to Plaintiff fell on top of her while walking past the electrical box. The electrical box was quite large and the entire front panel from the heavy steel box fell on top of plaintiff and knocked her to the ground.

7. At some time after the accident, Plaintiff was located by an Emerson employee who called for an ambulance to transport Plaintiff from the accident site to a trauma hospital.

8. Plaintiff suffered serious injuries as a result of being knocked to the ground.

9. Plaintiff underwent extensive medical treatment which included spinal surgery as a direct result of the accident.

10. Plaintiff remains totally disabled as a direct result of the injuries she sustained in the accident.

11. Plaintiff's damages include both economic and non-economic components as follows:

   a. lost wages, lost benefits, lost fringe benefits;

   b. Plaintiff must pay back her workers' compensation insurance company for any and all indemnity and medical benefits pursuant to Pennsylvania subrogation law;

   c. pain, suffering, scarring, humiliation, embarrassment and continued pain and discomfort as a direct result of the injuries suffered.

COUNT 1 – LYNNDORA SMITH-HOLMES v. DEFENDANT (Negligence)

12. Incorporate by reference herein paragraphs 1-11 of Plaintiffs' Complaint.

13. Plaintiff alleges that Defendant was negligent in failing to maintain and make safe the electrical box panel which was not properly connected to box.

14. The aforesaid incident and Plaintiff's injuries and damages were the direct and proximate result of the Defendants carelessness, recklessness, and negligence generally and in the following particulars:

   a. Failing to maintain and make safe the electrical equipment under the exclusive dominion and control of Defendant, to wit the electrical box and the front panel which fell onto Plaintiff;

   b. Failing to properly maintain the electrical box by qualified and certified electrical contractors to make certain all fasteners were properly connected;

  c. Failing to properly connect the exterior steel panel to the box with proper connectors, i.e., nuts, bolts or similar fasteners;

  d. Failing to warn persons that the electrical box was not maintained properly and may create hazards to persons walking past, i.e., no warnings or signs placed warning that said box was a danger;

 15. Solely as a result of the aforesaid carelessness, recklessness, and negligence and/or other liability producing conduct on the part of the Defendant, Plaintiff Lynndora Smith – Holmes sustained injuries and damages, some or all of which may be of a permanent nature, but not necessarily limited to:

  a. lost wages, lost benefits, lost fringe benefits;

  b. Plaintiff must pay back her workers' compensation insurance company for any and all indemnity and medical benefits pursuant to Pennsylvania subrogation law;

  c. pain, suffering, scarring, humiliation, embarrassment and continued pain and discomfort as a direct result of the injuries suffered.

 16. As a direct and proximate cause of the carelessness, recklessness, and negligence and/or other liability producing conduct on the part of the Defendant, Plaintiff sustained and will continue to suffer in the future some or all of the following economic and non-economic damages:

  a. medical expenses;

  b. pain, suffering, embarrassment, and inconvenience;

  d. loss of ordinary pleasure of life; and

  e. his general health, strength, and vitality have been impaired.

   f. past lost wages and medical insurance benefits past lost wages and benefits continue to increase on a daily basis;

   g. Future lost wages;

   h. Future lost insurance benefits and fringe benefits.

   i. Debt incurred to Highmark Insurance Company for a statutory workers' compensation pay back lien that continues to grow on a daily basis.

  17. As a direct and proximate cause of the carelessness, recklessness, and negligence and/or other liability producing conduct on the part of the Defendants, Plaintiff was unable to perform all or substantially all of her usual and customary daily activities following the incident, and continues to be prevented from attending to her usual and customary daily activities, to her detriment and loss.

  18. As a direct and proximate cause of the carelessness, recklessness, and negligence and/or other liability producing conduct on the part of the Defendant, Plaintiff has incurred, and may in the future continue to incur financial expenses or losses with exceed, may exceed, amounts which she may otherwise be entitled to recover.

  WHEREFORE, Plaintiffs demands compensatory damages by judgment against Defendants in an amount in excess of $75,000.00 together with costs, prejudgment interest, post-judgment interest, and any other costs this court deems appropriate.

JURY TRIAL DEMANDED.

### Count II – FRANKLIN HOLMES v. DEFENDANT (Loss of Consortium)

  19. Plaintiffs incorporate by reference all the above paragraphs (1-18) as though fully

set forth herein.

20. At the time of the accident complained of in the Plaintiffs' Complaint, the Plaintiffs were married and that the Plaintiffs continue to be married.

21. As a result of the wrongful and negligent acts of the Defendants, Plaintiff husband was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship as a derivative injury following the injuries sustained by Plaintiff wife.

22. That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, Plaintiff demands compensatory damages by judgment against Defendants in an amount in excess of $75,000.00, court filing costs any other legal or equitable relief as the Court deems appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

_____

Francis M. Moore, Esquire

MANSMANN & MOORE, LLP
304 Ross Street, Suite 600
Pittsburgh, PA 15219

Tele: (412) 232-0661
Fax:  (412) 232-0233